IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 6409 |
| | ) | |
| CITY OF CHICAGO, and CHICAGO | ) | JUDGE LEFKOW |
| POLICE OFFICERS Z. RUBALD, | ) | |
| Star # 14540, B. CORCORAN, Star # 8261, | ) | MAGISTRATE JUDGE DENLOW |
| S. LECK, Star # 2752, B. GENTZLE, | ) | |
| Star # 8738, T. JAROS, Star # 10428, and | ) | |
| UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## FIRST AMENDED COMPLAINT

NOW COMES the plaintiff, AL WILLIAMS, through his attorney, Jared S. Kosoglad, Jared S. Kosoglad, P.C. and complaining of the defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICERS Z. RUBALD, Star # 14540, B. CORCORAN, Star # 8261, S. LECK, Star # 2752, B. GENTZLE, Star #8738, T. JAROS, Star # 10428 and UNKNOWN CHICAGO POLICE OFFICERS, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United

States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4. Defendants, CHICAGO POLICE OFFICERS Z. RUBALD, Star # 14540, B. CORCORAN, Star # 8261, S. LECK, Star # 2752, B. GENTZLE, Star #8738, T. JAROS, Star # 10428, and UNKNOWN CHICAGO POLICE OFFICERS, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6. On May 31, 2007, Plaintiff Al Williams rode his bike in the vicinity of 79th Place, Chicago, Cook County, IL.

7. Defendant officers struck Mr. Williams, without any legal basis, causing Mr. Williams to suffer a visible, bleeding head injury. Upon information and belief, Defendant Officers struck Mr. Williams in the head with a police baton.

8. Defendant officers, without any legal basis, arrested Mr. Williams on false charges for which the defendant officers knew there was no probable cause.

9. Defendant officers brutalized Mr. Williams with blows about the face and body,

during the course of his unlawful arrest.

10. Defendant Officers, most of whom were apparently white in ethnicity, told Mr. Williams to shut his black ass up, or words to that effect.

11. Defendant Officers addressed Mr. Williams as, " Mr. Cataract." Mr. Williams is blind in one eye.

12. Defendant officers suffered no injuries as a consequence of the incident with Mr. Williams, including bruises, scratches, blows, broken bones, or injuries of any kind or form.

13. At the police station, an African-American Chicago Police supervisor denied Mr. Williams medical treatment for his bleeding head and other injuries because the defendants alleged he had fought against them.

14. The lock-up keeper would not accept Mr. Williams into the lock-up with his current injuries.

15. Defendants were members of the now defunct Special Operations Section.

16. Without any lawful basis, Defendant Chicago Police Officers intentionally arrested and jailed Plaintiff Al Williams for possession of cocaine and resisting arrest, crimes for which the officers knew Plaintiff Al Williams bore zero responsibility.

17. On or about May 31, 2007, Defendants conspired and agreed amongst themselves to falsely charge Al Williams with crimes they knew he did not commit. In furtherance of this conspiracy, Defendants filled out and filed false and incomplete police reports relative to plaintiff's arrest. Al Williams was charged with cocaine possession and resisting a peace officer.

18. The case against Al Williams was dismissed in a manner indicative of the innocence of Al Williams.

19. As a direct and proximate result of the malicious actions of the co-conspirators, Plaintiff was injured, including loss of freedom, invasion of privacy, humiliation, pain, suffering, the deprivation of constitutional rights and dignity, lost time, lost wages, physical injuries, and extreme emotional distress.

## Count I

### Against Officer Defendants for Section 1983 Fourth Amendment Violations —Illegal Search and Seizures

1-19. Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20. The searches and seizures of the plaintiff's person and property performed willfully and wantonly by the Officer Defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

21. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count II

### By Plaintiff Against Officer Defendants for Section 1983 Fourth Amendment Violations — False Imprisonment

1-19. Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20. The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

21. As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, and the loss of his liberty for a long period of time.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count III

### 42 U.S.C. Section 1983 — Excessive Force

1-19. Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20. The actions of the Officer Defendants, and Unknown Chicago Police Officers, constituted unreasonable, unjustifiable, and excessive force against Al Williams, thus violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section

1983.

21. As a proximate result of the above-detailed actions of defendants, Al Williams was injured, including his severe pain, physical injuries, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count IV

### 42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago

1-19. Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20. The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of Chicago, the Mayor of Chicago, the City Council, members of the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board, members of the Chicago Police Board, the Office of Professional Standards, and the Office of the Superintendent, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged the infliction of physical and psychological intimidation onto the citizens of the City of Chicago in violation of the United States Constitution.

21. The customs, policies, and practices that caused the constitutional violations herein alleged include:

(a) excessive force by Chicago Police Officers;

(b) the denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons by Chicago Police Officers;

(c) mental abuse, oral abuse, and oral assaults by Chicago Police Officers;

(d) the filing of false and incomplete police reports to hide criminal and unconstitutional conduct by officers;

(e) the filing of false charges and the pursuit of baseless prosecutions in order to protect police officers from claims of improper conduct and to avoid liability;

(f) a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

(g) a code of silence whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;

(h) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

(i) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers

(j) the failure to adequately investigate and substantiate allegations of unconstitutional and

criminal misconduct by police officers;

(k) the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

(l) the encouragement and propagation of the misconduct complained of in subparagraphs (a)-(k) by stamping official approval on officers' unconstitutional and criminal misconduct through the Office of Professional Standards;

(m) the approval, support, and encouragement of unconstitutional and criminal misconduct by police officers to avoid financial loss;

(n) and the failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective, and ineffectual investigatory and disciplinary procedures, as promulgated by the Office of Professional Standards.

22. The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect. Several Special Operations Section officers were indicted for their participation in a criminal enterprise that included robbery, kidnapping, and murder. Notwithstanding knowledge of the enterprise, the Chicago Police Department and City of Chicago took no action against several members of the Special Operations Section.

23. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 19 of this Complaint.

24. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

25. As a proximate result of the above-detailed actions of the defendants and City of Chicago policy makers, plaintiff was injured, including injuries resultant from the above detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, mental injuries, psychological injuries, and physical injuries. In addition, the violations proximately caused the plaintiff great humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count V

### 745 ILCS 10/9-102

1-19. Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20. Defendant City of Chicago is the employer of Defendants Rubald, Corcoran, Leck, Gentzle, and Jaros.

21. Defendants Rubald, Corcoran, Leck, Gentzle, and Jaros committed the acts alleged above under color of law and in the scope of their employment as employees of the City of

Chicago.

WHEREFORE, should Defendants Rubald, Corcoran, Leck, Gentzle, or Jaros be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

### Count VI

**Malicious Prosecution — State Claim By Plaintiff Against City and Officers**

1-19. Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute Al Williams on false charges for which they knew there was no probable cause.

21. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

22. As a direct and proximate result of the malicious prosecution, Al Williams was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and

additional relief as this court deems equitable and just.

### Count VII

### Intentional Infliction of Emotional Distress By Plaintiff Against City and Officers

1-19.   Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20.   The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

21.   Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

22.   As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system.

23.   The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

Respectfully submitted,

AL WILLIAMS

    /s    Jared S. Kosoglad
By:    One of Plaintiff's Attorney

PLAINTIFF DEMANDS TRIAL BY JURY.

Jared S. Kosoglad
Jared S. Kosoglad, P.C.
120 N. Green Street, Suite 3-G
Chicago, IL 60607
312-513-6000