**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 6409 |
| ) | |
| CITY OF CHICAGO, and CHICAGO ) | JUDGE LEFKOW |
| POLICE OFFICERS Z. RUBALD, ) | |
| Star # 14540, B. CORCORAN, Star # 8261, ) | MAGISTRATE JUDGE DENLOW |
| S. LECK, Star # 2752, B. GENTZLE, ) | |
| Star # 8738, and T. JAROS, Star # 10428, ) | |
| ) | |
| Defendants. ) | JURY DEMANDED |

**SECOND AMENDED COMPLAINT**

NOW COMES the plaintiff, AL WILLIAMS, through one of his attorneys, John O'Brien, Jared S. Kosoglad, P.C. and complaining of the defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICERS Z. RUBALD, Star # 14540, B. CORCORAN, Star # 8261, S. LECK, Star # 2752, B. GENTZLE, Star #8738, and T. JAROS, Star # 10428, states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**PARTIES**

3.     Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4.     Defendants, CHICAGO POLICE OFFICERS Z. RUBALD, Star # 14540, B. CORCORAN, Star # 8261, S. LECK, Star # 2752, B. GENTZLE, Star #8738, and T. JAROS, Star # 10428, were, at the time of this occurrence, duly licensed Chicago Police Officers.  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law.  They are sued in their individual capacities.

5.     Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

**FACTS**

6.     On May 31, 2007, Plaintiff Al Williams rode his bike in the vicinity of 79th Place, Chicago, Cook County, IL.

7.     Defendant officers struck Mr. Williams, without any legal basis, causing Mr. Williams to suffer a visible, bleeding head injury.  Upon information and belief, Defendant Officers struck Mr. Williams in the head with a police baton.

8.     Defendant officers, without any legal basis, arrested Mr. Williams on false charges for which the defendant officers knew there was no probable cause.

9.     Defendant officers brutalized Mr. Williams with blows about the face and body, during the course of his unlawful arrest.

10.     Defendant Officers, most of whom were apparently white in ethnicity, told Mr.

Williams to shut his black ass up, or words to that effect.

11.     Defendant Officers addressed Mr. Williams as, " Mr. Cataract." Mr. Williams is blind in one eye.

12.     Defendant officers suffered no injuries as a consequence of the incident with Mr. Williams, including bruises, scratches, blows, broken bones, or injuries of any kind or form.

13.     At the police station, an African-American Chicago Police supervisor denied Mr. Williams medical treatment for his bleeding head and other injuries because the defendants alleged he had fought against them.

14.     The lock-up keeper would not accept Mr. Williams into the lock-up with his current injuries.

15.     Defendants were members of the now defunct Special Operations Section.

16.     Without any lawful basis, Defendant Chicago Police Officers intentionally arrested and jailed Plaintiff Al Williams for possession of cocaine and resisting arrest, crimes for which the officers knew Plaintiff Al Williams bore zero responsibility.

17.     On or about May 31, 2007, Defendants conspired and agreed amongst themselves to falsely charge Al Williams with crimes they knew he did not commit.  In furtherance of this conspiracy, Defendants filled out and filed false and incomplete police reports relative to plaintiff's arrest.  Al Williams was charged with cocaine possession and resisting a peace officer.

18.     In the alternative, individual defendant officers were present during and aware of the misconduct committed against Al Williams but made no attempt to stop the misconduct. Although Defendant Officers had the opportunity to stop the misconduct, they made no efforts to do so.

3

19. The case against Al Williams was dismissed in a manner indicative of the innocence of Al Williams.

20. As a direct and proximate result of the malicious actions of the co-conspirators, Plaintiff was injured, including loss of freedom, invasion of privacy, humiliation, pain, suffering, the deprivation of constitutional rights and dignity, lost time, lost wages, physical injuries, and extreme emotional distress.

## Count I

## Against Officer Defendants for Section 1983 Fourth Amendment Violations —Illegal Search and Seizures

1-20. Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21. The searches and seizures of the plaintiff's person and property performed willfully and wantonly by the Officer Defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

22. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in

an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count II

### By Plaintiff Against Officer Defendants for Section 1983 Fourth Amendment Violations — False Imprisonment

1-20.    Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21.    The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

22.    As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, and the loss of his liberty for a long period of time.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count III

### 42 U.S.C. Section 1983 — Excessive Force

1-20.    Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21. The actions of the Officer Defendants, and Unknown Chicago Police Officers, constituted unreasonable, unjustifiable, and excessive force against Al Williams, thus violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

22. As a proximate result of the above-detailed actions of defendants, Al Williams was injured, including his severe pain, physical injuries, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count IV

### 745 ILCS 10/9-102

1-20. Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21. Defendant City of Chicago is the employer of Defendants Rubald, Corcoran, Leck, Gentzle, and Jaros.

22. Defendants Rubald, Corcoran, Leck, Gentzle, and Jaros committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendants Rubald, Corcoran, Leck, Gentzle, or Jaros be found

liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

**Count V**

**Malicious Prosecution — State Claim By Plaintiff Against City and Officers**

1-20. Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute Al Williams on false charges for which they knew there was no probable cause.

22. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

23. As a direct and proximate result of the malicious prosecution, Al Williams was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count VI

**Intentional Infliction of Emotional Distress By Plaintiff Against City and Officers**

1-20. Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

22. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

23. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system.

24. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count VII

**By Plaintiff Against Officer Defendants for Section 1983 – Conspiracy to Deprive Constitutional Rights**

1-20.   Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21.   As described more fully above, the Defendants reached an agreement amongst themselves to frame Plaintiff Williams for cocaine possession and resisting a peace officer, and to thereby deprive Plaintiff Williams of his Constitutional rights, all as described more fully throughout this Complaint.

22. Independently, before and after Plaintiff's charges, each of the Defendants further conspired and continue to conspire to deprive Plaintiff Williams of exculpatory evidence to which he was lawfully entitled and which would have led to a more timely exoneration of the false charges.

23. In this manner, the Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

24. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

25. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and anguish, as is more fully alleged above.

26. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the

individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count VIII

### By Plaintiff Against Officer Defendants for Section 1983— Failure to Intervene

1-20. Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21. In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the misconduct.

22. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered financial damage, as well as emotional distress, and a deprivation of his liberty, as is more fully described throughout this Complaint.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

24. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully herein.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE

HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

                              Respectfully submitted,

                              AL WILLIAMS

                          /s      John O'Brien
                By:         One of Plaintiff's Attorneys

**PLAINTIFF DEMANDS TRIAL BY JURY.**

John O'Brien
Jared S. Kosoglad, P.C.
451 W. Huron
Suite 1410
Chicago, IL 60654
312-513-6000

## **CERTIFICATE OF SERVICE**

     The undersigned attorney hereby certifies that he served a copy of the foregoing Plaintiff's Second Amended Complaint on the below-listed attorneys via electronic means, on July 23, 2010:

Walter Jones, Jr. | Uma Chandrasekaran | Jorge Cazares
Pugh, Jones, Johnson & Quandt, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601

                                                    /s John O'Brien
                                                        John O'Brien
                                                        Attorney for Plaintiff

Jared S. Kosoglad, P.C.
451 W. Huron Street
Suite 1410
Chicago, IL 60654
312-513-6000