# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6409 | **DATE** | 1/14/2011 |
| **CASE TITLE** | Williams vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Defendants' partial motion for summary judgment [85] is denied as to Count VII and withdrawn by agreement as to the other counts. Status hearing set for 2/1/2011 at 8:30 a.m. for parties to report on the possibility of settlement.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

  Al Williams has filed suit against three Chicago police officers, Z. Rubald, B. Corcoran, and S. Leck (collectively, "defendant officers"), and the City of Chicago, alleging that the defendant officers violated his constitutional rights and maliciously prosecuted him. Defendants seek summary judgment on Williams' claim that the defendant officers conspired to deprive him of his constitutional rights by framing him for cocaine possession and resisting arrest and depriving him of exculpatory evidence. The court applies the customary rules applicable to summary judgment in ruling on this motion. Fed. R. Civ. P. 56©; *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

  To establish a claim for civil conspiracy under 42 U.S.C. § 1983, Williams must demonstrate (1) an express or implied agreement among the defendant officers to deprive Williams of his federal constitutional rights and (2) an overt act pursuant to and in furtherance of the agreement. *Scherer* v. *Balkema*, 840 F.2d 437, 441–42 (7th Cir. 1988). "Although a conspiracy certainly may be established by circumstantial evidence, . . . such evidence cannot be speculative." *Williams* v. *Seniff*, 342 F.3d 774, 785 (7th Cir. 2003); *Amundsen* v. *Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). Defendants argue that Williams has no evidence to support the fact that the defendant officers had an agreement to deprive him of his constitutional rights. While Williams does not have direct evidence of an express or implied agreement, he argues that he has presented enough circumstantial evidence to survive summary judgment. The circumstantial evidence Williams relies on is the defendant officers' similar stories that diverge significantly from his own and statements regarding the normal operating procedures of the Special Operations Section, to which the defendant officers belonged. Although defendants argue that the defendant officers' stories are not identical, they are largely consistent and stand in stark contrast to Williams's version of the incident. "The existence of a mutual understanding can be inferred from evidence of joint conduct that is unlikely to have occurred absent the existence of a conspiratorial agreement." *Butler* v. *Corral*, No. 98 C 802, 1999 WL 1069246, at *5 (N.D. Ill. Nov. 22, 1999). While Williams's evidence is rather circumstantial, if the jury finds his version of events credible, the defendant officers' similar accounts could lead to an inference that the reason why

| STATEMENT |
|---|
| their stories are so similar is that they had an agreement to frame Williams for cocaine possession so as to cover for their use of excessive force. The jury could thus reasonably conclude that the defendant officers had reached an express or implied agreement to violate Williams's constitutional rights.[1] *See Aponte* v. *City of Chicago*, No. 08 C 6893, 2010 WL 2774095, at *7 (N.D. Ill. July 14, 2010). Defendants' motion for summary judgment on Williams's civil conspiracy count is denied. |

1. Having concluded that the defendant officers' similar stories that stand in contradiction to Williams's story are sufficient for Williams's conspiracy claim to survive summary judgment, the court need not address whether Williams's proferred evidence regarding the Special Operations Section is admissible at this time.