**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 6409 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | JUDGE LEFKOW |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**PLAINTIFF'S MOTION IN LIMINE TO BAR DEFENDANTS FROM GAINING
UNFAIR ADVANTAGE BY USING EITHER THE CLEAR SYSTEM OR LEADS TO
INVESTIGATE THE BACKGROUND OF JURORS OR TO INITIATE NEW
INVESTIGATIONS OF WITNESSES ONCE TRIAL BEGAN**

Plaintiff, Al Williams, through one of his attorneys, Brendan Shiller, Shiller-Preyar Law

Offices, respectfully submits the following motion in limine:

I. Introduction

Although the time for filing motions in limine in this case has passed, as it is set to begin

jury trial on March 29, 2011, Plaintiff's counsel just recently learned of a disturbing trend.

First, in Anderson et. al. v. City of Chicago, et. al., 09-c-2311 (N.D. IL), in a case tried

last  in front of the honorable Judge Amy J. St. Eve, and tried by the Law Offices of Jeffrey

Granich on behalf of the Plaintiffs, and on behalf of the Law Offices of Andrew Hale on behalf

of the Defendants, after the jury had been picked and after the jury had been picked, either the

individual defendants and/or their defense counsel used their unique access to certain databases

such as the CLEAR Data Warehouse and LEADS to obtain information about a single juror (as it

happens it was one of only two black jurors) regarding his criminal history, and used that

information to get that juror removed after trial had begun.

Second in the case of Magee et. al. v. Davis et. al., 09-cv-5829, a case tried by the Law

1

Offices of Jeff Neslund for the Plaintiffs against Dykema Gossett for the Defendants, in front of the Honorable Judge Ronald A. Guzman, after trial had started, and after one of the Plaintiffs witnesses had testified, the Defendants and possibly their counsel used access to certain databases to obtain potentially impeaching information regarding this witness and her contacts with inmates in the Illinois Department of Corrections.

In addition to these two incidents that occurred during jury trials last week, Plaintiffs counsel has reasons (that he will not divulge either on the record or of) to believe that there has been a directive sent out to defense counsels in City of Chicago Section 1983 cases to use their unique access to these resources to run background checks on jurors, and potentially on witnesses, after the trials have begun.

<u>II. Allowing Defendants to Use Its Unique Access</u>

<u>To Do Background Checks On Jurors Is Improper</u>

It goes without saying that Plaintiffs do not have the access to certain publicly-funded, but secretly-maintained information databases such as CLEAR and LEADS.

It should be mentioned that as a matter of practice in the criminal courts of Cook County, States Attorneys do background checks on jurors. But they: 1) do this using a lap top in the court room, in the presence of defense counsel; 2) do it while the voire dire is occurring; 3) it is done in a manner so that both the Court and defense counsel are certain that all jurors (and not just certain jurors) are having their backgrounds checked; and 4) it is done in a manner which allows for the immediate rehabilitation of a juror if they forgot to mention a particular arrest or conviction.

In the Anderson case, it appears that after the jury was picked, and after the trial had begun, defense counsel used their unique access, after hours, to conduct a search on one

particular juror to determine that he had been arrested previously. In that case Judge St. Eve did not accept that juror's explanation that he thought he was just to mention any convictions. That juror, one of only two black jurors, was removed. As is often the case in these types of cases, all of the Plaintiffs in Anderson were black.

Neither the Court nor Defendants in Anderson have any way of knowing whether defendants and defense counsel ran background checks on all of the jurors. Therefore, unless the background checks are going to be run in the courtroom, in the presence of Plaintiff counsel and the court, then there are problematic *Batson* issues. *See e.g. the dissent in Lamon v. Boatwright*, 467 F.3d 1097, 1104 (7th Cir. 2006) ("Had the trial court engaged in a step-three analysis, it could have compared juror Bell to the white jurors selected for the panel so that it could determine whether the prosecutor ran criminal background checks on any of them…"). Because if this process does not occur in open court then without any record of evidence, there is a "suggest[ion] that the explanation is a sham and a pretext for discrimination." *Id., (quoting Miller-El*, 545 U.S. at 246, 125 S.Ct. at 2328 (quoting Ex parte Travis, 776 So.2d 874, 881 (Ala.2000)).

Further, if Defense counsel are allowed to use their unique access in an after-hours setting, then there will be no way to rehabilitate any jurors, and such a practice will impact the efficiency of this Courtroom.

Therefore, Defendants and defense counsel should be instructed to not run background checks on the jurors.

### III. To Allow Post-Trial Commencement Investigations Is A Discovery Violation

In the second instance, any post-trial commencement investigation of any witnesses is a discovery violation and is clearly designed to create a trial by ambush and should be disallowed by this court.

**Conclusion**

For the foregoing reasons, Plaintiffs ask this Court to instruct Defendants and defense counsel to restrain from using any unique access to CLEAR, LEADS or any other governmental database for any purpose relating to this trial during the pendency of this trial.

Respectfully Submitted,

__ s/ Brendan Shiller_____
One of Plaintiff's Attorneys

Brendan Shiller
Shiller*Preyar Law Offices
4554 N. Broadway, Suite 325
Chicago, IL 60640
773-907-0940

**CERTIFICATE OF SERVICE**

The undersigned attorney, on oath, states that he served the above Notice of Intent to Introduce F.R.E. 404(b) Evidence and Supporting Memorandum upon the attorneys of record via electronic filing on March 19, 2011.


  s/ Brendan Shiller